IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| WILLIAM R. FOUNTAIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-11-1884 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

William R. Fountain, ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 20) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 26). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion, and GRANTS Commissioner's Motion.

**PROCEDURAL BACKGROUND**

Plaintiff filed for disability benefits on August 10, 2009. R. 124. The Commissioner denied Plaintiff's claim on first review on December 23, 2009, R. 59-61, and on reconsideration on June 17, 2010, R. 66-67. A hearing was held before an Administrative Law Judge ("ALJ") on

February 10, 2011.  R. 25-56.  On March 5, 2011, the ALJ issued a written decision concluding that Plaintiff was not disabled under the Social Security Act.  R. 12-21.

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520 (2010), and further explained below.  At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 1, 2008, the alleged onset date.  R. 14.  At the second step, the ALJ determined that Plaintiff has two severe impairments, hepatitis C and arthritis.  *Id*.  The ALJ did not discuss Plaintiff's cirrhosis as a separate condition from his hepatitis C, and also determined that Plaintiff's pinched nerve does not qualify as a severe impairment.  *Id*.  At the third step, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" a listing.  R. 15.  The ALJ stated that she considered the relevant listings although Plaintiff did not contend that he met or equaled a listing.  *Id*.  At the fourth step, the ALJ determined that Plaintiff retained the residual functional capacity to perform light work, except that he is limited to simple, unskilled work with occasional postural limitations and no climbing of ropes, ladders, or scaffolds.  R. 15-20.  The ALJ found that Plaintiff is unable to perform any of his past relevant work as a carpenter or construction laborer.  R. 20.  At the fifth step, the ALJ determined that considering Plaintiff's residual functional capacity, age, education, and work experience, "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including inspector, packer, and mail clerk.  R. 20-21.  As a result, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date of July 1, 2008 through the date of the decision.  R. 21.

Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. R. 7-8. The Appeals Council denied Plaintiff's request on June 16, 2011, making the ALJ's decision final and appealable. R. 1-4.

## STANDARD OF REVIEW

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); see also *Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *Schweiker*, 795 F.2d at 345. The ALJ, not the Court, has the responsibility to make findings of fact and resolve

evidentiary conflicts. *Hays*, 907 F.2d at 1456. If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is deemed legally disabled if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2011). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is doing such activity, she is not disabled.

2) If she is not doing such activity, determine whether she has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). If she does not have such impairment or combination of impairments, she is not disabled.

3) If she does have such impairment or combination of impairments, determine whether she has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If she does have such impairment, she is disabled.

4) If she does not, considering her residual functional capacity, determine whether she can do her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If she can do such work, she is not disabled.

5) If she cannot do such work, considering her residual functional capacity, age, education, and work experience, determine whether she can perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If she can perform other work, she is not disabled, and if she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Defendant has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

## **ANALYSIS**

On appeal, Plaintiff argues that the Court should reverse the Commissioner's decision or remand the case for additional consideration and evaluation of Plaintiff's condition. Pl.'s Br. 6. Plaintiff makes only one argument, which is that the ALJ did not address whether his cirrhosis is a severe impairment at step two of the disability determination sequential analysis. *Id*. at 5. The Court finds that even if this argument is meritorious, it is not an adequate basis for remand because Plaintiff has not suffered any prejudice from the ALJ's omission. *See Ellis v. Astrue*, No. 10-1020M, 2011 WL 5877215, at *2 (D. Md. Nov. 22, 2011). The ALJ sufficiently considered Plaintiff's cirrhosis when assessing the effects of his liver ailments at the subsequent steps of the sequential analysis. Therefore, the Court grants Commissioner's Motion.

An ALJ's failure to characterize a claimant's condition as severe at step two of the disability determination process does not always warrant remand, even when erroneous. Step two is a threshold determination of whether claimants have a severe impairment (or combination of impairments) that meets the twelve-month duration requirement and significantly limits their ability to do basic work activities. 20 C.F.R. §§ 404.1520-404.1523 (2011). If the Commissioner finds no severe impairments, the claimant is not disabled and the analysis does not proceed to the other steps. 20 C.F.R. § 404.1520. However, if a claimant does have a severe impairment or combination of impairments, the ALJ must consider the effects of *both the severe and non-severe impairments* at the subsequent steps of the process, including the determination

of residual functional capacity. *See* 20 C.F.R. § 404.1523; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at * 5 (1996); SSR 86-8, 1986 WL 68636, at *5 (1986).[1]

When an ALJ erroneously finds an impairment to be non-severe at step two, there is no prejudice to the claimant if the ALJ sufficiently considers the effects of that impairment at subsequent steps. In *Ellis v. Astrue*, the ALJ found that the claimant's hepatitis C was not a severe impairment. No. 10-1020M, 2011 WL 5877215, at *2 (D. Md. Nov. 22, 2011). Nonetheless, the ALJ continued to assess whether the claimant met the relevant listing, and whether his hepatitis affected his residual functional capacity. *Id*. Therefore, this Court found that the claimant was not prejudiced and declined to remand the case. *Id*. Similarly, the United States District Court for the District of Columbia has held that an alleged error at step two does not require remand where there is no indication that the allegedly severe impairments would have met a listing, and where the ALJ properly considered them in evaluating the plaintiff's residual functional capacity ("RFC"). *Hicks v. Astrue*, 718 F. Supp. 2d 1, 12-14 (D.D.C. 2010). Other circuits follow this approach as well. *See, e.g.*, *Brescia v. Astrue*, 287 F. App'x 626, 629 (10th Cir. 2008); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987).

An error at step two may require reversal and remand where the ALJ improperly discounts or ignores evidence of the allegedly severe impairment at the other steps of the sequential analysis. For this reason, this Court has stated that "[e]rroneous findings at step two usually infect the entire decision, since all of a claimant's impairments must be considered in combination at steps three, four and five." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 518 (D. Md. 2002). However, in that case the ALJ had failed to credit uncontroverted medical evidence

---

[1] Although not required by statute, the Commissioner publishes the Social Security Rulings which are binding on all components of the Social Security Administration. They represent precedent, final opinions, and statements of policy which the Commissioner has adopted. 20 C.F.R. § 402.35(b)(1) (2011).

of the plaintiff's irritable bowel syndrome at step two, and then did not consider it in combination with his other severe impairments at the remaining steps. *Id*. at 518, 521. Plaintiff cites this Court's decision in *Albert v. Astrue*, No. 10-2071, 2011 WL 3417109 (D. Md. July 29, 2011). There, the ALJ failed to discuss the claimant's alleged foot impairment at step two or at any subsequent steps. *Id.* at *2; *see also Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004) (remanding where the ALJ had failed to mention a plaintiff's obesity at step two or at any other point in the sequential analysis). Therefore, the court must determine whether the ALJ sufficiently considered the allegedly severe impairment, or whether an erroneous conclusion "infected" the other steps.

Here, Plaintiff alleges that the ALJ erred by failing to find that his cirrhosis was a severe impairment at step two. Pl.'s Br. 5. The ALJ did not mention cirrhosis at step two but did find that Plaintiff's hepatitis C was a severe impairment. R. 14. Cirrhosis is a chronic liver disease characterized by inflammation and degeneration. Stedman's Medical Dictionary 384 (28th ed. 2006). Hepatitis C is an inflammation of the liver due to viral infection. *Id*. at 875-76. At step three, the ALJ did not explain her findings in detail because Plaintiff did not contend that he met a listing. R. 15. Nonetheless, the ALJ stated that she "carefully considered" the relevant listings. *Id*. At step five, the ALJ discussed Plaintiff's cirrhosis on two occasions: while assessing the report of consultative examiner Dr. Christian Jensen and while reviewing the ultrasound performed by treating physician Dr. Volkan Taskin. R. 16. The ALJ thoroughly discussed Plaintiff's overall liver disease and assessed the severity of symptoms such as jaundice, ascites, tenderness, enlargement, and infections. R. 18. The ALJ provided detailed reasons for rejecting some of Plaintiff's assertions that his hepatitis interferes with his ability to work. R. 15-18.

Plaintiff suffered no prejudice at step three from the ALJ's failure to identify cirrhosis as a severe impairment. Plaintiff did not argue below that he meets a listing for cirrhosis and does not so argue here. R. 15; Pl.'s Br. 5-6. Nonetheless, Plaintiff could not have been prejudiced at step three because the same listing applies to both hepatitis C and cirrhosis. Listing 5.05 is met when a claimant has "chronic liver disease" in conjunction with other specific symptomology; chronic liver disease includes both hepatitis and cirrhosis. 20 C.F.R. Part 404 Subpart P, App. 1 §§ 5.00(D)(1)-(2), 5.05 (2011). Therefore, regardless of whether the ALJ characterized Plaintiff's severe impairments as including both cirrhosis and hepatitis C or only the latter, the same symptomology would be required to meet the listing. *Id*.

The ALJ adequately considered Plaintiff's cirrhosis and overall liver disease in assessing his residual functional capacity at step five. The ALJ extensively evaluated the effects of Plaintiff's hepatitis and liver disease and made several references to his cirrhosis specifically. R. 15-18. Therefore, this case is analogous to *Ellis* and *Hicks*, where the ALJs properly considered the claimants' severe and non-severe impairments in formulating their RFC. This case is distinguishable from *Schoofield*, where the ALJ had discounted uncontradicted medical evidence of irritable bowel syndrome and failed to consider it at subsequent steps. 220 F. Supp. 2d at 518, 521. Here, the ALJ did not discount the evidence of Plaintiff's cirrhosis, but rather accepted it and considered it is as part of his overall liver condition and hepatitis. This case is also distinguishable from *Albert* and *Boston*, where the ALJs failed to discuss the allegedly severe impairments at all at subsequent steps. Finally, Plaintiff has not provided any evidence to suggest that his cirrhosis causes him functional and work-related limitations distinct from those caused by his hepatitis C. Given the ALJ's thorough assessment of the limitations caused by

Plaintiff's chronic liver disease, her failure to identify cirrhosis as a separate severe impairment from hepatitis C did not prejudice Plaintiff and does not warrant remand.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion and GRANTS Commissioner's Motion.


January 10, 2013                                              /s/
                                                     Charles B. Day
                                                     United States Magistrate Judge

CBD/ISA